IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-00428-LTB-CBS

REGINA MARIE INGLE,

    Plaintiff,

v.

CARL DRYER, in his individual capacity, and
BRIAN WEBB, in his individual capacity,

    Defendants.

___

## ORDER
___

This matter is before me on Motion to Dismiss filed by Defendant Carl Dryer, in which he seeks dismissal of the complaint against him filed by Plaintiff, Regina Marie Ingle, for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and/or (2). [**Doc # 8**] After consideration of the parties' briefs and related pleadings, and for the reasons stated below, I DENY the motion to dismiss for lack of jurisdiction, and STAY these proceedings as to Defendant Dryer.

In this lawsuit, Plaintiff asserts a § 1983 civil rights claim related to her allegation that Defendant Dryer, as a Fremont County Sheriff's Deputy, used unreasonable and excessive force in violation of the Fourth Amendment, when arresting Plaintiff on March 4th and 5th, 2006, causing her serious and permanent injuries, humiliation, and emotional distress. Plaintiff also asserts state law tort claims for battery, willful and wanton conduct causing injury, and outrageous conduct.

Defendant Dryer filed for bankruptcy protection pursuant to Chapter 13 of the Bankruptcy Code on September 8, 2006. Plaintiff was apparently listed as a creditor to the bankruptcy estate. On December 5, 2006, the Bankruptcy Court entered an order confirming Defendant Dryer's Chapter 13 Plan. Plaintiff subsequently filed her complaint with this court on March 2, 2007.

Defendant Dryer seeks to dismiss the complaint for lack of jurisdiction over the subject matter pursuant to Fed. R. Civ. P. 12(b)(1), and/or for lack of jurisdiction over the person pursuant to Fed. R. Civ. P. 12(b)(2). The basis for Defendant Dyer's contention that this court lacks jurisdiction is, in essence, that the filing of this lawsuit violates the automatic stay provisions of 11 U.S.C. § 362(a)(1), which provides that all proceedings against a debtor are stayed upon the debtor's filing of a petition for bankruptcy. *See Ellis v. Consolidated Diesel Elec. Corp.,* 894 F.2d 371, 372 (10th Cir. 1990).

It appears that the filing of this lawsuit against Defendant Dryer violates the automatic stay as provided in 11 U.S.C. § 362(a)(1). However, the mere fact that the complaint was filed in violation of the automatic stay does not mean that this court lacks jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or (2). *See generally* 28 U.S.C. § 156(b)(5)(providing that personal injury tort claims "shall" be tried in the district court in which the bankruptcy is pending or in the district in which the claim arose). I note that relief for an automatic stay violation is specifically set forth in 11 U.S.C. § 362(k), which provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." *See also Halas v. Platek,* 239 B.R. 784, 792 (N.D .Ill. 1999)(a request for relief for a stay violation is within the exclusive jurisdiction of the bankruptcy court).

Accordingly, I DENY Defendant Dryer's Motion to Dismiss [**Doc # 8**], and STAY this action AS TO DEFENDANT DRYER for a period of sixty (60) days pending an order granting or denying relief from stay from the Bankruptcy Court.   I FURTHER ORDER that the parties file joint status reports with this court every twenty (20) days regarding the status of the Bankruptcy Court proceedings.

Dated: July   17  , 2007,  in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge