IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-00428-LTB-CBS

REGINA MARIE INGLE,

        Plaintiff,

v.

CARL DRYER, in his individual capacity,

        Defendant.

___

ORDER
___

This matter is before me on the First Motion to Amend [**Doc # 48**], filed by Plaintiff, Regina Marie Ingle, in which she seeks to modify the scheduling order under Fed. R. Civ. P. 16(a) and requests leave to amend her complaint pursuant to Fed. R. Civ. P. 15(a)(2). Specifically, she seeks to amend her complaint in order to add two new defendants against which she wishes to assert a new claim. Defendant Carl Dryer opposes this request. After consideration of the parties' briefs and related pleadings, and for the reasons stated below, I GRANT the motion.

## I. BACKGROUND

In this lawsuit Plaintiff asserts a §1983 civil rights claim related to her allegation that Defendant Dryer, as a Fremont County Sheriff's Deputy, used unreasonable and excessive force in violation of the Fourth Amendment, when arresting her on March 4th and 5th of 2006, causing serious and permanent injuries, humiliation, and emotional distress. Plaintiff also asserts state law tort claims for battery, willful and wanton conduct causing injury, and outrageous conduct.

Plaintiff filed her initial complaint on March 2, 2007. Thereafter, on July 17, 2007, these proceedings were stayed for a period of 60 days in order for Plaintiff to seek relief from the automatic stay in Defendant Dryer's pending bankruptcy proceeding. The August 10, 2007 deadline to join parties and amend pleadings, set forth in the scheduling order, expired during the stay. After the stay was lifted, the scheduling order was amended to extend the discovery deadlines in this matter, but the deadline for amendment was not extended.

On March 4, 2008, Plaintiff filed the motion at issue here. Plaintiff seeks leave to amend her complaint on the basis that recent discovery has revealed compelling facts that support a claim for "failure-to-train" against Defendant Dryer's former employer, Fremont County.

## II. LEGAL STANDARD

Fed. R. Civ. P 15(a)(2) provides that the Court should freely allow amendment of the pleadings "when justice so requires." When the deadline for amending pleadings set in the scheduling order has past, as is the case here, Fed. R. Civ. P. 16(b) is implicated. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." *See also* D.C. Colo L.Civ.R 16.1 ("[t]he schedule established by a scheduling order shall not be modified except upon a showing of good cause and by leave of the court").

In *Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1205 (10th Cir. 2006), the Tenth Circuit expressly declined to "decide whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b)(4) in addition to the Rule 15(a) requirements" because it was not argued by the parties. *Id.* at n. 4.

However, judges on this court have applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order

2

deadline. In *Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001), Magistrate Judge Boland set forth and applied this two-step approach. First, a movant must "demonstrate to the court that it has 'good cause' for seeking modification of the scheduling deadline under Rule 16(b)." *Id.* (*quoting Colorado Visionary Academy v. Medtronic, Inc.,* 194 F.R.D. 684, 687 (D. Colo. 2000)). The Rule 16(b)(4) standard "does not focus on the bad faith of the movant, or the prejudice to the opposing party[; r]ather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Id.* For example, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

Second, "[i]f the movant satisfies Rule 16(b)'s 'good cause' standard, it must then pass the requirements for amendment under Rule 15(a)" which allows for amendment of the pleadings when justice so requires. *Id.* "Refusing leave to amend [under Rule 15(a)] is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.* at 669 (*quoting Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993)).

"[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *Minter v. Prime Equip., supra,* 451 F.3d at 1204. Likewise, my determination to modify a scheduling order pursuant to Rule 16(b)(4) is reviewed for abuse of discretion. *Burks v. Oklahoma Pub. Co.,* 81 F.3d 975, 978-79 (10th Cir. 1996).

## III. ANALYSIS

Even when reviewed under the comprehensive two-step analysis articulated above, I conclude that the scheduling order should be modified and Plaintiff should be allowed to amend her complaint under the circumstances and procedural posture presented.

Here, Plaintiff is seeking to amend her complaint to add a claim that Defendant Dryer's employer – the County of Fremont, Colorado, through its Board of Commissioners, and James M. Beicker, in his official capacity as Sheriff of Fremont County – failed to adequately train Defendant Dryer on the use of force. In support of her request to amend after the scheduling order due date, Plaintiff asserts that the facts supporting the amendment have just been revealed through discovery. Plaintiff maintains that at Defendant Dryer's deposition on February 13, 2008, she first learned that he believed that he was not adequately trained to handle the circumstances of her arrest related to the use of force; specifically how to handle "an intoxicated subject who had been handcuffed behind the back and who was kicking backwards at him (albeit with rubber-soled sneakers)." Plaintiff asserts that she then filed this motion twenty days later.

In response, Defendant Dryer argues that there is no reason why Plaintiff could not have asserted a "failure-to-train" claim before the deadline in the scheduling order, in that Plaintiff had the information that provides the basis of her proposed "failure-to-train" claim prior to the deadline. Specifically, Defendant Dryer alleges that his underlying conduct in this case was subject to an internal investigation and, as part of that investigation, Defendant Dryer was interviewed. During that interview, Defendant Dryer indicated that he was not trained on how to take someone down under these circumstances, and he responded "yes" when asked if he felt like

4

he had lack of training on what to do in this situation.

Defendant Dryer asserts that the summary of this interview was provided to Plaintiff in discovery disclosures on July 2, 2007, fifteen days before the stay was entered and prior to the deadline for amendment had passed. Because Plaintiff had been aware of the interview statements made by Defendant Dryer regarding his belief that he had not been adequately trained to handle a situation like the one here, Plaintiff has failed to demonstrate why she could not have made the proposed amendment prior to the deadline in the scheduling order. *See Colorado Visionary Academy v. Medtronic, supra*, 194 F.R.D. at 688 (ruling the defendants failed to establish good cause when they "admit that the delay in seeking amendment is the result of their failure earlier in the case to do the research necessary to recognize the applicability of the defense they seek to add"); *see also Perea v. Hunter Douglas Window Fashions, Inc.*, 2008 WL 511409 (D. Colo. 2008).

First, I conclude that Plaintiff's failure to timely amend her complaint does not constitute a lack of diligence under the Rule 16(b)(4) standard. Although it appears that Plaintiff was provided with information that could signal a possible "failure-to-train" claim before the deadline to amend had passed – in the form of an interview summary in the internal investigative report – I agree with Plaintiff that such information was minimal and relatively unspecific in nature. In the context of the report as a whole, the information is minor, at best. Furthermore, such information, standing alone, would probably be insufficient to assert a "failure-to-train" claim for relief.

More importantly, while such information could signal a need to investigate further – and

5

a party's failure to do so might constitute undue delay – it is uncontested that a stay of these proceedings was entered fifteen days after the report was produced, which halted discovery and during which the amendment deadline passed. Once Plaintiff was provided with more extensive evidence to support a "failure-to-train" claim – in the form of Defendant Dryer's detailed deposition testimony – she filed this motion seeking to amend her complaint twenty days later. As a result, I conclude that Plaintiff was not guilty of lack of diligence and, as such, has shown good cause for modification of the scheduling deadline under Rule 16(b)(4). *See Pumpco, Inc. v. Schenker Intern., supra,* 204 F.R.D. at 669 ("[t]he fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline").

Next, I address whether justice requires leave to amend the complaint under Rule 15(a). Defendant Dryer does not assert that Plaintiff's request to amend constitutes undue prejudice to the opposing party, bad faith or dilatory motive, or failure to cure deficiencies by amendments previously allowed. Rather, he asserts that the proposed amendment should be denied as futile. *See Schepp v. Fremont County, Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990) (ruling that "the district court was clearly justified in denying the motion to amend if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim").

A plaintiff suing for failure to adequately train police officers on the use of force must demonstrate two elements: (1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation. *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 664, 98 S.Ct. 2018, 56 L.Ed.2d. 611 (1978). Inadequate training may result in constitutional liability for a

6

municipality "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality." *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Therefore, "in order for liability to attach to a municipality, the failure to train must amount to 'deliberate indifference to the rights of persons with whom the police come into contact.'" *Id.* at 388; *see also Myers v. Oklahoma County Bd. of County Com'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998).

Defendant Dryer maintains that his excessive force expert opines that contemporary prisoner control techniques do not address how to handle the situation presented in this case and, in addition, Defendant Dryer was a certified Pressure Point Control Tactics instructor at the time of the incident. Thus, he asserts that Plaintiff will not be able to establish a "failure to train" claim against Fremont County and, as a result, her proposed amendment is futile.

However, this argument goes to the weight of the evidence, not the feasibility or viability of the claim. I cannot say that Plaintiff's evidence supporting her proposed claim for "failure-to-train," as currently postured, is legally defective or would not withstand a motion to dismiss or otherwise failed to state a claim. *See generally Dockery v. Unified School Dist. No. 231,* 406 F.Supp.2d 1219, 1228 (D.Kan. 2006)(ruling that the defendant "offered no argument that persuades the court that allowing plaintiffs to amend their complaint to assert their proposed retaliatory discharge claim would be futile"); *see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)(stating that the mandate of Rule 15(a) "is to be heeded" and that "[i]n the absence of any apparent or declared reason ... the leave sought should, as the rules require, be freely given").

ACCORDINGLY, it is ORDERED that Plaintiff Regina Marie Ingle's First Motion to Amend [**Doc # 48**] is GRANTED. It is FURTHER ORDERED that Plaintiff shall file her proposed First Amended Complaint, filed as an exhibit to her motion to amend, within ten days of the date of this order.


Dated: April   11  , 2008, in Denver, Colorado.

                            BY THE COURT:

                               s/Lewis T. Babcock
                            LEWIS T. BABCOCK, JUDGE